# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA L. LEE, on behalf of herself and all others similarly situated,,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; CVS HEALTH CORPORATION, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendant. | Case No.: 3:20-cv-01923-BEN-DEB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO DISMISS AS MOOT**<br><br>**(2) GRANTING IN PART JOINT MOTION TO DISMISS**<br><br>**[ECF No. 5, 7]** |

**I.    INTRODUCTION**

Plaintiff Lisa L. Lee, on behalf of herself and all others similarly situated ("Plaintiff"), brought this civil antitrust and unfair competition class action against Defendants CVS PHARMACY, INC., a Rhode Island Corporation, and CVS HEALTH CORPORATION, INC., a Delaware Corporation (collectively, "Defendants").  ECF No. 1.

Before the Court are (1) Defendants' Motion to Dismiss, ECF No. 5, and (2) the Joint Motion to Dismiss the Case brought by Plaintiff and Defendants, ECF No. 7.

After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** the Motion.

## II. BACKGROUND

On August 3, 2020, Plaintiff filed this putative class action in the San Diego Superior Court against Defendants, alleging claims for relief for (1) violation of the Cartwright Act, (2) violation of California's Unfair Competition Law, and (3) injunctive relief for violations of the Consumer Legal Remedies Act. ECF No. 1.

On September 25, 2020, Defendant filed a Notice of Removal. ECF No. 1. On October 2, 2020, Defendants filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. ECF No. 5. However, on October 19, 2020, the parties filed a Joint Motion to Dismiss the case, pursuant to which the parties ask that (1) "[t]he individual claims of Plaintiff against Defendants shall be dismissed in their entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and (2)," (2) "[t]he class claims against Defendants shall be dismissed in their entirety without prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and (2)," (3) "[e]xcept as otherwise agreed upon, each party shall bear his/her/its own costs and attorneys' fees," and (4) "[t]he dismissal shall not operate as an adjudication on the merits." ECF No. 7.

## III. LEGAL STANDARD

Rule 41(a) of the Federal Rules of Procedure ("Rule 41(a)") governs voluntary dismissal of lawsuits. If a plaintiff wants to dismiss a case without a court order, the plaintiff may do so pursuant to Rule 41(a)(1), "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 . . . by filing" either (1) "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or (2) "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1); *see also Cannon ex rel. Bridgepoint Educ., Inc. v. Clark*, No. 13CV2645 JM NLS, 2015 WL 4624069, at *3 (S.D. Cal. Aug. 3, 2015) (noting that "voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) is subject to Federal Rule of Civil Procedure 23.1(c), which provides that a derivative action can be voluntarily dismissed only with the court's approval."). Where a plaintiff does not proceed by filing a notice or stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

proper." FED. R. CIV. P. 41(a)(2).  Unless the order states otherwise, dismissal under Rule 41(a)(2) is without prejudice.  *Id.*

A dismissal without a court order under Rule 41(a)(1) is subject to Rule 23(e) of the Federal Rules of Civil Procedure ("Rule 23(e)"), governing dismissal of class actions.  Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class ***proposed to be certified for purposes of settlement*** . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." FED. R. CIV. P. 23 (emphasis added); *see also In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) ("The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights.").  The result of Rule 23(e) is that certified class claims or claims proposed for certification for settlement purposes cannot be dismissed under Rule 41(a)(1) because Rule 41(a)(1): (1) allows for dismissals without a court order and (2) is subject to Rule 23(e), which requires a court order for dismissal.

## IV.  DISCUSSION

In ordinary non-class litigation, "parties are free to settle their disputes on their own terms, and plaintiffs may voluntarily dismiss their claims without a court order." *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) (citing FED. R. CIV. P. 41(a)(1)(A)).  In a class action, however, whether court approval is required depends on whether case has been certified.  *Compare id.* at 1046 ("By contrast, in a class action, the 'claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.'") (citing FED. R. CIV. P. 23(e)) *with Employers-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923-24 (9th Cir. 2007) (holding that putative class members of a non-certified class lack standing to appeal an order appointing the lead plaintiff who voluntarily dismissed the case before certification because without a certified class, only the parties to the case have standing).

Previously, Rule 23 was written in such a manner that it was unclear whether court approval was required for dismissal of individual claims in a case that was originally filed

as a class action, even if the settlement and dismissal did not pertain to the putative class claims. *See, e.g.*, *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (interpreting the previous version of Rule 23 to require court approval even before certification of a class). However, in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims. *See, e.g.*, *Gesberg v. LinkUs Enterprises, Inc.*, No. 208CV02428MCECMK, 2009 WL 10690922, at *1-2 (E.D. Cal. Mar. 27, 2009) (noting that the current version of Rule 23(e) reflects amendments resolving the ambiguity over whether the previous rule's requirement of court approval for class action settlements extended "to require court approval of settlements with putative class representatives that resolved only individual claims") (citing FED. R. CIV. P 23, Advisory Committee's notes (2003 amendment)). In such a case, the Court must certify the class prior to approving the settlement and dismissal of the class claims. *Id.* However, where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss. *Ripley v. Bridgestone Retail Operations, LLC*, No. C09-1482 RSM, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010) (providing that "*prior* to certification, the named plaintiffs may dismiss class claims without approval" because "Rule 23(e) does not provide the district court with any supervisory authority over such dismissals, nor does it require notice to the absent class members") (citing MOORE'S FEDERAL PRACTICE 3d, § 23.64[2][a], pp. 23-316:16 – 23-316:17 (2007)).

In this case, the parties jointly seek to dismiss individual claims in the putative class action under both Rule 41(a)(1) and 41(a)(2) *with prejudice*. The parties advise that "Plaintiff has not sought class certification, a class was not certified, and no notice was sent to a prospective class." ECF No. 7 at 2:7-10. Thus, "[t]his is a putative class action, but no class has been certified, nor is certification being proposed for purposes of settlement." *Allred v. Chicago Title Co.*, No. 19CV2129-LAB (AHG), 2020 WL 5847550,

at *1 (S.D. Cal. Oct. 1, 2020) ("Although the motion seeks dismissal of all claims with prejudice, the Court construes this as a request to dismiss Plaintiffs' own claims with prejudice, and putative class claims without prejudice.") (citing FED. R. CIV. P. 23(e)). "[B]ecause no class has been certified in this case, Rule 23 does not mandate either Court approval of the instant settlement or notice to putative class members."  As a result, the Court finds no reason to deny the Joint Motion.  In granting the Joint Motion, which dismisses the entire case, the Court finds the Motion to Dismiss preceding it moot.  *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) (concluding "that an issue is moot when deciding it would have no effect within the confines of the case").

## V.  ORDER

Pursuant to Rule 41(a), the parties jointly move to dismiss this action *with prejudice* as to Plaintiff Lisa L. Lee's individual claims and *without prejudice* as to the class claims. Having read and considered the Joint Motion submitted by Plaintiff and Defendants, and good cause appearing, the Joint Motion is **GRANTED IN PART** as follows:

1. Plaintiff Lisa L. Lee's individual claims against Defendants are dismissed in their entirety as to all claims for relief *with prejudice* pursuant to Rule 41(a)(2).

2. The Joint Motion is **DENIED** as to the putative class claims.  Although this case was filed as a putative class action, Plaintiff did not seek class certification, and as such, the Court did not certify the class.  Therefore, with no certified class claims having come into existence, any dismissal will not affect putative class members' claims.

3. Each party is to bear its own costs, fees, and expenses.

4. This dismissal shall not operate as an adjudication on the merits except to the extent authorized by Rule 41(a)(1)(B).

5. Defendants' Motion to Dismiss, ECF No. 5, is **DENIED** as moot due to the Court's dismissal of the entire case.

6. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED:   January 28, 2021

HON. ROGER T. BENITEZ
United States District Judge